UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 4:11-cr-008-02 SEB-KPF |
| vs. | ) | |
| | ) | |
| CHRISTIAN HEDEGARD, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER DENYING DEFENDANT'S MOTION TO REVOKE DETENTION ORDER AND SET BOND
(Docket No. 52)

The Court has before it for decision Defendant Christian Hedegard's Motion to Revoke Detention Order and Set Bond, filed pursuant to 18 U.S.C. § 3145(b), seeking reversal of the order of the Magistrate Judge requiring pretrial detention. Having reviewed *de novo* the submissions of the parties as well as the Magistrate Judge's detailed factual findings and legal conclusions, the Court now hereby DENIES the pending motion.

Following an evidentiary hearing, the Magistrate Judge addressed the Government's motion for detention without bond, pursuant to Title 18 U.S.C. § 3142(3), (f)(1)(A), (f)(1)(B), and (f)(2), on the grounds that Defendant Hedegard was charged with offenses that included crimes of violence, including the possession of firearms, and that, if released, there was a serious risk that he would flee or pose a danger to the community. The Magistrate Judge correctly applied the two-step analysis in compliance with the holding in United States v. Friedman, 837 F.2d 48, 49 (2nd Cir. 1988) requiring a determination as to whether one of several conditions exists for imposing pretrial detention and, if so, following a hearing, whether the standards for pretrial detention have been met.

The Magistrate Judge further reviewed the nine conditions or circumstances any of which can justify an order of pretrial detention, pursuant to 18 U.S.C. § 3142(e). See, Friedman, 837 F.2d at 49. Finally, the Magistrate Judge determined in accordance with the respective standards of proof that no condition or combination of conditions would reasonably assure the appearance of the defendant at future court proceedings (by a preponderance of the evidence) and the safety of the community (by clear and convincing evidence). 18 U.S.C. § 3142(e).

Specifically, the Magistrate Judge took note of the nature of the charges against the defendant (the possession, sale, and transfer of twelve (12) firearms) acquired as a result of a theft involving two other persons and retained for some sort of clandestine sale or use by himself or others, and viewed the government's case against the defendant as strong, demonstrating a probability of conviction. The record also reveals substantial evidence relating to the defendant's history and personal characteristics which also support the Magistrate Judge's expressed concerns for possible flight and/or a risk to the safety of the community, to wit, Defendant Hedegard is relatively young (18 years of age), living with his ailing mother, unemployed, with a serious record of truancy at school, demonstrating personality traits which arguably reflect a perceived need by him to compensate for feelings of inadequacy and a lack of social success among his peers. While he lacks any prior criminal history, Defendant Hedegard has apparently admitted to having a somewhat serious and prolonged illegal drug problem.

Defense counsel stresses Defendant Hedegard's family ties, his "respectful and obedient" nature, and his "peaceful and nonviolent character." Defense counsel contends that there are conditions or a combination of conditions that would reasonable assure the defendant's appearance and safety. The evidence he highlights in his motion largely tracked the factual findings of the Magistrate Judge, though they lead both the government and defense counsel in opposite directions

– the government urging the defendant's detention, defense counsel urging his release on bond.

This judge is persuaded on the basis of her own independent *de novo* review that: (1) given the fact of multiple, significant gun related offenses as charged in the indictment as well as Defendant Hedegard's alleged involvement in the referenced offense(s) in complicity with two other persons; (2) the evidence that, due to his mother's frailty and infirmities and diminished physical capacity due to illness, she cannot be expected to supervise Defendant Hedegard's comings and goings if he is released to home detention or some other form of restricted pretrial release, a conclusion reinforced by the fact that she seems not to have known about or been aware of his activities, though he was living under her roof, including his serious problems related to truancy at school or his pattern of drug use over the past two years; (3) Defendant Hedegard's father, who though residing in Louisville, plays an unspecified but seemingly insignificant role in Hedegard's life and activities; and (4) Defendant Hedegard's lack of involvement in a job or ongoing educational activities or otherwise to the community, his youthful age, and his reported mental health issues; there is accordingly a serious risk that he would flee if released, based on a preponderance of the evidence, and a clear and convincing likelihood of danger to the community.

Accordingly, the defendant's Motion to Revoke Detention and Set Bond is DENIED. Because a jury trial of this cause is currently set for August 15, 2011, the parties are requested to advise the court as soon as possible as to their readiness to proceed at that time.

IT IS SO ORDERED.

Date: 07/08/2011

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Khalid Kahloon
KAHLOON LAW OFFICE
kahloon@msn.com

Matthew Rinka
UNITED STATES ATTORNEY'S OFFICE
matthew.rinka@usdoj.gov